**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHERYLL ANN DILLON d/b/a iTax Self Help Financial LLC on behalf of its clients, joining a nationwide class of similarly situated taxpayers,** **Plaintiff,** | § | |
| **v.** | § | **A-26-CV-1206-ADA-ML** |
| **INTERNAL REVENUE SERVICE, COMMISSIONER OF THE IRS, and U.S. GOVERNMENT,** **Defendants.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 4), and Plaintiff's Motion to Certify Class (Dkt. 5). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby

**GRANTS** Plaintiff's request for *in forma pauperis* status. This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a Section 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). According to the indigent status, the Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff Sheryll Ann Dillon ("Dillon") d/b/a iTax Self Help Financial LLC ("iTax") purports to sue the Internal Revenue Service ("IRS"), the Commissioner of the IRS, and the United States Government on behalf of taxpayers across the country who were negatively affected by the IRS's 2021 amendments to their statutory withholding requirements and guidance. Dkt. 1 (Compl.) ¶¶ 1-5. Dillon alleges that these changes caused millions of taxpayers to face unexpected year-end tax liabilities. *Id.* ¶ 5. Dillon further alleges that "iTax brings this action as a pro se organization," *id.*, and that iTax itself has not sustained injury, *id.* ¶ 8. Dillon alleges iTax has representational/ associational standing to bring these claims pursuant to *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333 (1977).

Whether a plaintiff has standing is a threshold issue in every case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Thus, the undersigned begins his analysis with standing. To establish standing, the plaintiff must show three elements: (1) an injury in fact; (2) traceability; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury-in-fact element requires a plaintiff to show that their injury in fact is "actual or imminent," "concrete and particularized" "invasion of a legally protected interest." *Id.* at 560.

The Supreme Court has recognized that "[a]n association has standing to bring suit on behalf of its members when [1] its members would have standing to sue in their own right, [2] the interests at stake are germane to the organization's purpose, and [3] neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). The Supreme Court has held that in order to satisfy the first prong of this test, known as the *Hunt* test, "an organization suing as representative [must] include at least one member with standing to present, in his or her own right, the claim (or the type of claim) pleaded by the association." *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 555 (1996). If the plaintiff does not have any members in the traditional sense, "the question is whether the organization is the functional equivalent of a traditional membership organization." *See Gettman v. Drug Enf't Admin.*, 290 F.3d 430, 435 (D.C. Cir. 2002) (finding that the plaintiff, a magazine, had no associational standing because readership is not equivalent to membership, and the readers played no role in "selecting [the magazine's] leadership, guiding its activities, or financing those activities").

Dillon alleges iTax is a "tax prep and education business grounded in empowering taxpayers with self-help tax prep, support and financial education, providing privacy and transparency about their tax obligations year after year." Dkt. 1 (Compl.) ¶ 1. As a tax prep and education business, iTax is not a traditional membership organization for the purposes of representational standing, such as a union. *E.g., Hunt*, 432 U.S. at 345. Moreover, Dillon fails to allege that iTax is the functional equivalent of a traditional membership organization because she does not allege that iTax's "clients" select iTax's leadership, guide its activities, or finance those activities (including the costs of this lawsuit). *See id.* at 344-45; *Gettman*, 290 F.3d at 435. Thus,

Dillon has failed to allege that iTax is a membership organization capable of properly representing its constituency's collective views and protecting their collective interests, *see Hunt*, 432 U.S. at 345, and the undersigned finds that iTax is more equivalent to the magazine in *Gettman* than a membership organization capable of having representational standing.

Furthermore, Dillon alleges that iTax has "standing to bring this action on behalf of its clients and the nationwide class"; however, it is even more plainly apparent how iTax fails to meet the elements of representational standing for its non-clients. Dillon continues on to conflate a suit premised on representational standing, as she attempts to allege, with a class action suit throughout the remainder of her complaint. However, even liberally construing Dillon's complaint as a class action complaint, Dillon likewise fails to allege standing because she does not allege that she has suffered an injury and has standing to bring these claims. *See Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020) ("[I]f the class representative lacks standing, then there is no Article III suit to begin with—class certification or otherwise."). Accordingly, the undersigned finds that Dillon has failed to allege she, or iTax, have standing to bring these claims.

Additionally, an individual may not proceed *pro se* in representing a corporation. *See K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982) ("a corporation as a fictional legal person can only be represented by licensed counsel . . . even when the person seeking to represent the corporation is its president and major stockholder"). For all intents and purposes, iTax is the Plaintiff in this matter. Dillon is not alleging that she herself has representational standing because she is an association with members, she makes those allegations on behalf of iTax. Thus, if her complaint is construed as a pleading purporting to be filed on iTax's behalf, such a pleading is improper. Dillon requests that interim class counsel be appointed by the court under Federal Rule of Civil Procedure 23(g)(3), but, as discussed above, Dillon has failed to

plausibly allege that she has standing to bring a class action suit. As it stands, the court has no obligation to appoint counsel to represent iTax's alleged claims against the United States Government, *see Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (appointment of counsel in civil case is privilege and not constitutional right), and to the extent Dillon makes such a request, it is denied. Thus, in addition to the preceding finding that Dillon has failed to allege she or iTax has standing to bring these claims, the undersigned also finds that Dillon cannot proceed *pro se* on behalf of iTax.

Accordingly, the undersigned recommends that Dillon's claims be dismissed as frivolous for lacking an arguable basis in law or fact.

## III. ORDER AND RECOMMENDATIONS

The undersigned hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of the foregoing recommendations, the undersigned further **DISMISSES AS MOOT** Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 4) and **RECOMMENDS** the District Judge **DISMISS** Plaintiff's Motion to Certify Class (Dkt. 5).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED July 23, 2026.

MARK LANE
UNITED STATES MAGISTRATE JUDGE